Filed 8/17/20  P. v. Norelli CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B298515 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA082117) |
| v. | |
| RENNIE ANTHONY NORELLI, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard H. Kirschner, Judge.  Affirmed.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Rennie Anthony Norelli on two counts of robbery, and the trial court sentenced him to 23 years in prison. On the first robbery conviction, the trial court imposed the lower term of two years, plus four five-year terms under Penal Code section 667, subdivision (a)(1), for prior serious felony convictions. On the second robbery conviction, the court imposed a consecutive term of one-third the middle term of three years, or one year.

Norelli appealed. This court affirmed his conviction, but ordered the trial court to correct the abstract of judgment to accurately reflect his sentence. (*People v. Norelli* (Sept. 18, 2018, B278374) [nonpub. opn.].)

Following Norelli's petition for a writ of habeas corpus in this court, we ordered the trial court to exercise its discretion pursuant to Senate Bill No. 1393, which became effective January 1, 2019, whether to dismiss or strike any prior serious felony convictions for purposes of the five-year enhancements under Penal Code section 667, subdivision (a)(1). At the resentencing hearing, the trial court struck two of the four five-year enhancements, and resentenced Norelli to 13 years in prison. Norelli appealed again.

## DISCUSSION

We appointed counsel to represent Norelli on appeal. After reviewing the record, counsel filed a brief raising no issues. On February 6, 2020 we notified Norelli he had 30 days to submit a brief or letter raising any grounds of appeal, contentions, or

arguments he wanted the court to consider. On March 6, 2020 we received an eight-page supplemental brief in which Norelli argued the trial court abused its discretion by not striking all four of the enhancements under Penal Code section 667, subdivision (a)(1).

We review the trial court's sentencing decisions for abuse of discretion and generally presume the court properly exercised its broad discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847; *People v. Carmony* (2004) 33 Cal.4th 367, 374; *People v. Pearson* (2019) 38 Cal.App.5th 112, 116.) The trial court did not abuse its discretion here in striking two but not all four of the five-year enhancements under Penal Code section 667, subdivision (a)(1). The court's comments at the hearing indicated it considered the relevant factors before deciding whether to exercise its discretion to strike the five-year enhancements and, if so, how many and which ones. The court decided to strike the two oldest enhancements because they were remote and because Norelli's current robbery offenses were relatively unsophisticated and less serious, which the court described as "basically shoplifting gone wrong." The court found that Norelli's lengthy criminal history was the product of poor decisions and unsuccessful substance abuse treatment and that a reduced sentence of 13 years was sufficient to protect the public.

We have examined the record and are satisfied that appellate counsel for Norelli has complied with his responsibilities and that there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.

SEGAL, J.

We concur:

PERLUSS, P. J.

FEUER, J.